UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JUSTIN NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:20-cv-02168-JPH-TAB |
| | ) | |
| CLEMEMS, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER SCREENING AND DISMISSING COMPLAINT
AND PROVIDING OPPORTUNITY TO AMEND**

Plaintiff Justin Norris, an inmate at Plainfield Correctional Facility ("Plainfield"), brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(a) to screen his complaint before issuing service on the defendants.

**I.
SCREENING STANDARD**

Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint, or any portion of the complaint, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

1

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Id.*

## II.
## THE COMPLAINT

On August 17, 2020, the plaintiff filed a complaint naming the Indiana Department of Corrections ("IDOC"), Wexford of Indiana, LLC ("Wexford"), Dr. Clemems, Mr. Randolph, and Chasity Plummer Long. In his complaint, the plaintiff alleges that he allowed Dr. Clemems, the dentist at Plainfield, to pull certain teeth from his mouth under the belief that they would provide him with prosthetic dentures. He alleges that the dentist failed to follow through on this agreement. He requests relief in the form of a court order to provide him the prosthetic teeth or provide him $4,000 so that he can purchase the teeth himself.

## III.
## DISCUSSION

This action is brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). "[T]he first step in any [§ 1983] claim is to identify the specific constitutional right infringed." *Albright v. Oliver*, 510 U.S. 266, 271 (1994). "The Eighth Amendment prohibits the unnecessary and wanton infliction of pain, which includes [d]eliberate indifference to serious medical needs of prisoners." *Knight v. Grossman*, 942 F.3d 336, 340 (7th Cir. 2019) (internal quotation omitted).

**A. Claims Against Dr. Clemems, Ms. Long, and Mr. Randolph**

Pursuant to the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, meaning, they must take reasonable measures to guarantee the safety of the inmates and ensure that they receive adequate food, clothing, shelter, and medical care. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To prevail on an Eighth Amendment deliberate indifference medical claim, a plaintiff must demonstrate two elements: (1) he suffered from an objectively serious medical condition; and (2) the defendant knew about the plaintiff's condition and the substantial risk of harm it posed but disregarded that risk. *Id.* at 837; *Pittman ex rel. Hamilton v. County of Madison*, 746 F.3d 766, 775 (7th Cir. 2014). "To determine if the Eighth Amendment has been violated in the prison medical context, [courts] perform a two-step analysis, first examining whether a plaintiff suffered from an objectively serious medical condition, and then determining whether the individual defendant was deliberately indifferent to that condition." *Petties v. Carter*, 836 F.3d 722, 727–28 (7th Cir. 2016) (en banc).

A medical condition is sufficiently serious if it "has been diagnosed by a physician as mandating treatment or [is] one that is so obvious that even a lay person would perceive the need for a doctor's attention." *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010) (internal quotation marks and citation omitted). "A medical condition need not be life threatening to be serious; rather, it could be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated." *Id*. That said, it is "clearly not the case" that "every ache and pain or medically recognized condition involving some discomfort can support an Eighth Amendment claim." *Gutierrez v. Peters*, 111 F.3d 1364, 1372 (7th Cir. 1997).

Here, the plaintiff alleges only that he did not receive dental prosthetics, as promised, that would allow him "to be able to smile and feel good about [him]self again." Dkt. 1 at 3.  Although

3

he alleges that the process of removing his teeth was painful, he does not allege that he currently suffers from any serious medical condition in need of treatment. Because the plaintiff does not allege that he has a sufficiently serious medical condition, the claims against Dr. Clemems, Ms. Long, and Mr. Randolph must be **dismissed for failure to state a claim upon which relief can be granted**. *See Gutierrez*, 111 F.3d at 1372.

### B. Claims Against IDOC and Wexford

The plaintiff's claims against IDOC and Wexford must likewise be dismissed. Because Wexford acts under color of state law by contracting to perform a government function, *i.e.*, providing medical care to correctional facilities, it is treated as a government entity for purposes of Section 1983 claims. *See Jackson v. Illinois Medi-Car, Inc.*, 300 F.3d 760, 766 fn.6 (7th Cir. 2002); *but see Shields v. Illinois Department of Correction*, 746 F.3d 782, 790 (7th Cir. 2014) (finding "substantial grounds to question the extension of the *Monell* holding for municipalities to private corporations"). Therefore, to state a cognizable deliberate indifference claim against IDOC or Wexford, the plaintiff must allege that he suffered a constitutional deprivation as the result of an express policy or custom of Wexford. No such allegations were identified in the complaint.

Accordingly, based on the screening standard set forth above, the plaintiff's deliberate indifference claim against IDOC and Wexford is **dismissed for failure to state a claim upon which relief can be granted** for the reasons that the complaint does not allege that the plaintiff has a serious medical condition and does not allege that either Wexford or IDOC maintains a policy or custom that caused the plaintiff to suffer a constitutional violation.

### IV.
### OPPORTUNITY TO AMEND

For the reasons above, the plaintiff's complaint is **dismissed for failure to state a claim upon which relief can be granted**. The dismissal of the complaint will not in this instance lead

to the dismissal of the action at present. Instead, the plaintiff shall have **through February 8, 2021, to file an amended complaint**. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint.").

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, 1:20-cv-02168-JPH-TAB and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: 1/15/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

JUSTIN NORRIS
241705
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168